IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| JAMI LYNN GOLDEN, | : | |
| | : | Civil Action File No. |
| Plaintiff, | : | 4:18-CV-157-MLB |
| | : | |
| vs. | : | |
| | : | |
| FLOYD HEALTHCARE | : | |
| MANAGEMENT, | : | |
| INC. d/b/a FLOYD EMERGENCY | : | |
| PHYSICIANS GROUP, LLC, | : | |
| GARRETT H. BARNES, M.D., | : | |
| CHARLES W. STEIN, N.P., | : | |
| DANNY R. ROGERS, P.A., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT MOTION TO STRIKE PLAINTIFF'S RULE 26 EXPERT DISCLOSURES AND EXPERT REPORTS OF LOUIS P. CIAMILLO, M.D., AND MICHELLE K. BREEM, RNP, AND EXCLUDE EXPERTS FROM TESTIFYING**

**COME NOW,** Floyd Healthcare Management, Inc. d/b/a Floyd Medical Center ("FHM"), Floyd Emergency Physicians, LLC, Garrett H. Barnes, M.D. ("Dr. Barnes"), Charles W. Stein, N.P. ("N.P. Stein"), and Danny R. Rogers, P.A. ("P.A. Rogers"), Defendants in the above-styled civil action, and file this Memorandum of Law in Support of Defendants' Joint Motion to Strike Plaintiff's Rule 26 Expert Disclosures and Expert Reports of Louis P. Ciamillo, M.D. and

1

Michelle K. Breem, RNP, and Exclude those Experts from Testifying, respectfully showing the Court as follows:

I.     **STATEMENT OF FACTS**

Plaintiff filed her Complaint on June 30, 2018, with claims of gross negligence and professional negligence against Defendants for an alleged failure to recognize and treat Plaintiff's purported septic condition[1]. (Doc. 1). As this case "is a medical liability case involving complex issues of medicine, standards of care, and injury causation," the parties requested an eight (8) month discovery track, in part to accommodate expert discovery. (Doc. 36, p.17-18). The Scheduling Order granted the request for an extended discovery track to expire September 3, 2019. (Doc. 37). Although the parties participated in written discovery, and depositions of the Plaintiff and fact witnesses[2], additional time was necessary to complete discovery; as such, the parties filed a Joint Motion to Amend the Scheduling Order to extend the time to complete discovery through March 6, 2020. (Doc. 73, ¶¶ 2, 4, 7). The Joint Motion to Amend the Scheduling Order was granted by this Court. (Doc. 74).

---

[1] Importantly, Plaintiff attached to her Complaint the Affidavit of Louis P. Ciamillo, M.D., setting forth alleged deviations in the standard of care and opinions regarding the source of the sepsis inducing infection. (Doc. 1).
[2] The depositions were all at the request of defense counsel. (*See* Docs. 46, 54, 55, 68, 69, 70).

Thereafter, discovery continued with Plaintiff submitting written discovery, and Defendants' counsel taking the depositions of certain of Plaintiff's medical providers. (Docs. 75, 76, 82, 85, 86). However, additional time was again necessary to complete fact discovery and disclose expert witnesses; as such, the parties filed a Joint Motion to Amend Scheduling Order on February 10, 2020, requesting an additional six months to complete discovery. (Doc. 94). This Court entered a docket Order on February 11, 2020 granting the Joint Motion in part and extending the discovery period for four months through July 2, 2020; the Order provided "<u>No further extensions will be granted</u>." However, one month later, COVID-19 was declared as a pandemic. (*See* Doc. 95). On March 16, 2020, Counsel for Defendant FHM communicated with Plaintiff's counsel to discuss the prospect of completing outstanding discovery by July 2, 2020 and proposed a joint request to extend discovery by at most sixty days. Attached hereto as Exhibit "A," is a true and correct copy of the electronic correspondence between counsel. Plaintiff's counsel agreed with the prospect of extending discovery by sixty days. Ex. A, p. 2.

Shortly thereafter, however, Chief Judge Thomas Thrash, Jr. issued General Order 20-01 to address court operations under the circumstances presented by COVID-19; importantly, the Order did not stay or toll discovery deadlines. (Doc.

95)³. As such, on March 17, 2020, counsel for FHM informed Plaintiff's counsel that due to General Order 20-01, defense counsel did not want to approach the Court for an extension of discovery at that time. Ex. A., p. 3. Instead, as most of the outstanding discovery dealt with the disclosure and subsequent depositions of expert witnesses, defense counsel proposed two alternatives and requested that Plaintiff's counsel provide dates in late May or early June for Defendants to depose Plaintiff's expert witnesses. *Id.* Plaintiff's counsel did not provide the requested availability to depose Plaintiff's expert witnesses, and did not respond to this correspondence until mid-June. Prior to Plaintiff's response, and in order to comply with the discovery deadline, Dr. Barnes, N.P. Stein, and P.A. Rogers filed their Disclosure of Expert Testimony and the Rule 26 Report of Kent Isaac Cohen M.D. on June 16, 2020. (Docs. 99, 99-1). FHM filed its Disclosure of Expert Testimony and the Rule 26 Report of Jonathan Zenilman, M.D. on June 18, 2020. (Docs. 101, 101-1).⁴ Dr. Barnes, N.P. Stein, and P.A. Rogers adopted the Expert Report of Dr. Zenilman the same day. (Doc. 102).

---

³ General Order 20-01 has been amended several times to date. (Docs. 95-98, 106, 107, 109, 110, and 112).
⁴ FHM filed its Amended Expert Disclosure and Rule 26 Report of Denise Proto, R.N., on June 25, 2020. (Docs. 104, 104-1).

On June 17, 2020, Plaintiff's counsel responded to defense counsel's March 17, 2020, correspondence regarding outstanding discovery. Plaintiff's counsel stated he would be moving to extend the discovery period by sixty days and inquired about defense counsel joining the same. Attached hereto as Exhibit "B," is the June 17, 2020 electronic correspondence. Thereafter, on June 22, 2020, Plaintiff's counsel submitted Deposition Notices to defense counsel for in-person depositions of Dr. Barnes; NP Stein; PA Rogers; Bethany Ellison; Amanda Champion, RN; Mendy Lambert, RN; and Sharon Gaylor, RN. Attached hereto as Exhibit "C," are true and correct copies of the correspondence from Plaintiff's counsel and corresponding Deposition Notices. These individuals were to be deposed individually and as Rule 30(b)(6) representatives of FHM, and the depositions were noticed for June 29, 2020 and June 30, 2020, prior to expiration of discovery. *Id.* Although the Notices were submitted with exactly one-weeks' notice, counsel for the parties were able to coordinate for Dr. Barnes, NP Stein, PA Rogers, Mendy Lambert, RN, and Sharon Gaylor, RN, to be deposed via videoconference between June 29, 2020 and July 1, 2020. Attached hereto as Exhibit "D," is a true and correct copy of electronic correspondence between counsel confirming the deposition dates and times.

On June 30, 2020, Plaintiff filed Plaintiff's Emergency Unopposed Motion to Amend the Scheduling Order to Extend the Discovery Period Due to Delays Caused by the COVID-19 Pandemic. (Doc. 105). The Emergency Motion included a detailed discussion of the impact of COVID-19 on the legal community and moved the Court to extend the discovery period an additional four months. (Doc. 105). Notably, the Emergency Motion provides:

> Depositions of the physicians and the other healthcare providers at Floyd Medical Center, Floyd Emergency Physicians, the UAB Birmingham Medical Center, and other medical groups and facilities *must be taken before the parties can complete expert discovery*.
>
> In the past 2 weeks Defendants have disclosed three expert witnesses *who cannot be deposed during the discovery period expiring next week on July 2, 2020*.

(Doc. 105, ¶¶ 9, 12) (emphasis added). On July 2, 2020, this Court entered a Docket Order granting Plaintiff's Emergency Motion and ordering that discovery be completed by November 2, 2020. However, Plaintiff took no action after July 2, 2020 to depose the physicians and healthcare providers mentioned in paragraph 9 of Plaintiff's Emergency Motion, nor did Plaintiff request dates to depose Defendants' expert witnesses. Instead, Plaintiff took no action until November 2, 2020 at 10:47 p.m., when Plaintiff filed Plaintiff's Rule 26 Expert Disclosures identifying two experts retained to present trial testimony– Louis P. Ciamillo, Jr. M.D. and Michelle K. Breem, RNP – and naming over forty of Plaintiff's treating

physicians[5] as providers who may give expert testimony. (Doc. 114). Notably, the Rule 26 Reports of Dr. Ciamillo and Nurse Breem were not signed by the providers. (Doc. 114). To cure this defect, at 11:07 p.m. the same night, Plaintiff re-filed Plaintiff's Rule 26 Expert Disclosures, which then included Rule 26 Reports signed by Dr. Ciamillo and Nurse Breem. (Doc. 115). As such, Plaintiff's expert witnesses were not identified until after the close of business on November 2, 2020, exactly fifty-two minutes prior to the expiration of discovery in this case.[6]

## II. ARGUMENT AND CITATION TO AUTHORITY

Parties are required to timely disclose all witnesses who will present expert testimony at trial. Fed. R. Civ. P. 26(a)(2)(A)-(C). If the witness has been retained by counsel to provide expert testimony, the disclosure must be filed with a written report "prepared and signed by the witness." *Id.* at (a)(2)(B). However, if the witness is not one for which a report must be filed, the expert disclosure must include the subject matter of the witness's testimony and "a summary of the facts

---

[5] These providers were not retained by Plaintiff to give expert testimony; however, the only information Plaintiff provided regarding opinions of the providers is as follows: "These treating physicians may offer opinions about their diagnoses of the Plaintiff's health condition, the conditions for which they may have treated the Plaintiff, the Plaintiff's response to their treatment, and their prognosis for the Plaintiff in view of her response to their treatment. Generally, their opinions are recorded in Plaintiff's medical records which have been produced to Defendants."
[6] The Notices of Electronic Filing documenting the time Plaintiff's Expert Disclosures were filed are attached hereto as Exhibit "E."

7

and opinions" of the expected testimony[7]. *Id.* at (a)(2)(C). Federal law provides that an expert disclosure must be made "at the time and in the sequence that the court orders." *Id.* at (a)(2)(D). Notably, the Northern District of Georgia heightens the duties imposed by Rule 26, and provides strict time and sequence requirements to disclose experts and file reports:

> Any party who desires to use the testimony of an expert witness *shall designate the expert sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert* and, if desired, to name its own expert witness sufficiently in advance of the close of discovery so that a similar discovery deposition of the second expert might also be conducted prior to the close of discovery.

N.D. Ga. L.R. 26.2(C) (emphasis added).

A party who fails to comply with the above requirements "shall not be permitted to offer the testimony of the party's expert," unless the Court expressly authorizes the late disclosure and finds the same was justified. *Id.* This is consistent with Rule 37, which provides that absent a showing of substantial justification or harmlessness, failure to comply with Rule 26(a) results in the party being unable to

---

[7] Notably, Plaintiff failed to supply this information for the forty-plus treating physicians listed in paragraph 3 of Plaintiff's Rules 26 Expert Disclosures. (*See* Doc. 115). Plaintiff failed to include a summary of the opinions of these providers or the factual basis underlying said opinions as required by Rule 26(a)(2)(C). This constitutes another deficiency in Plaintiff's Rule 26 Expert Disclosures that requires striking the same.

utilize the witness "to supply evidence. . . at trial." Fed. R. Civ. R. 37(c)(1).[8] Importantly, the Standing Order governing this civil action reiterates the importance of compliance with Local Rule 26.2(C): "The requirements of Local Rule 26.2C *must be met*. Failure to identify an expert and serve an expert report as required by Local Rule 26.2C may result in the expert being precluded from offering testimony in this case." (Doc. 34, ¶ O) (emphasis added).

In the present action, Plaintiff violated the heightened duties and strict requirements of Local Rule 26.2(C). Plaintiff, as a party desiring to use expert testimony, is obligated to disclose her experts with sufficient time remaining in the discovery period for Defendants to depose Plaintiff's experts and, if necessary, identify rebuttal experts. L.R. 26.2(C). Yet, Plaintiff did not file her Expert Disclosures and the Expert Reports of Dr. Ciamillo and Nurse Breem until after the close of business on the day discovery expired, November 2, 2020. (Ex. E, Docs. 114, 115). Importantly, a valid expert report must be prepared and signed by the expert. Fed. R. Civ. P. 26(a)(2)(B). Plaintiff's initial Expert Disclosures, Doc. 114 filed at 10:47 p.m.[9], contained unsigned copies of the Rule 26 Reports of Dr.

---

[8] The need for compliance with the timing requirements of Local Rule 26.2(C) is further bolstered by the fact that an expert retained to provide testimony may only be deposed "after the [Rule26(a)(2)(B)] report is provided." Fed. R. Civ. P. 26(b)(4).

[9] Ex. E.

Ciamillo and Nurse Breem; accordingly, the Disclosures failed to comply with the requirements of Rule 26(a)(2). Therefore, notwithstanding Plaintiff's clear violation of Local Rule 26.2(C), the first set of Plaintiff's Expert Disclosures violated Rule 26 and must be struck. Moreover, the set of Plaintiff's Expert Disclosures that contained signed copies of the Rule 26 Reports of Dr. Ciamillo and Nurse Breem was not filed until 11:07 p.m. on November 2, 2020[10]; this was fifty-two minutes prior to discovery expiring in this case, which made deposing Plaintiff's experts impossible. Plaintiff's filing of her expert disclosures and reports within an hour of discovery expiring clearly is not "sufficiently early in the discovery period" to allow Defendants to depose Dr. Ciamillo and Nurse Breem[11]; further, the same is a blatant violation of Local Rule 26.2(C).

As Plaintiff failed to comply with the timing and sequence requirements of Local Rule 26.2(C), Plaintiff "shall not be permitted" to present testimony by the

---

[10] *See* Ex. E, Doc. 115.
[11] *See American General Life Ins. Co. v. Schoenthal Family, LLC*, 555 F.3d 1331 (11th Cir. 2009), on appeal from the Northern District of Georgia, wherein the Court upheld an order excluding an expert under Local Rule 26.2 as the expert was not disclosed until the last day of the discovery period. *See also Vision Airlines, Inv. v. SST Air, LLC*, 2013 U.S. Dist. LEXIS 182838 *9-10, 2013 WL 6908935, (N.D. Ga., February 27, 2013) ("Plaintiff's expert disclosure was clearly untimely because it did not occur until the afternoon before discovery expired. . . This was not 'sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert' as required by Local Rule 26.2.").

disclosed experts unless Plaintiff's failure to make timely disclosures is harmless or meets the requisite level of justification. *See* Fed. R. Civ. P. 37(c)(1); L.R. 26.2(C). The burden to establish harmlessness and justification rests solely on Plaintiff. *See Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 825 (11th Cir. 2009). However, Plaintiff cannot meet either burden. An untimely expert disclosure that precludes a party from deposing an expert witness during discovery is a recognized harm in this Circuit. *See U.S. ex rel. TVA v. Easement & Right-of-Way over 4.42 Acres of Land*, 782 Fed. App'x 945, 951 (11th Cir. 2019); *Vision Airlines, Inv.*, 2013 U.S. Dist. LEXIS 182838 *15, 2013 WL 6908935.[12] Plaintiff did not disclose her experts or file the required Rule 26 reports until an hour before discovery expired. As such, Defendants could not possibly have deposed Plaintiff's experts within the time remaining in the discovery period. Thus, Defendants have been robbed of the opportunity to depose Plaintiff's experts and the ability to prepare Defendants' case for trial is prejudiced. Further, Plaintiff's actions have already delayed, and will continue to delay, the progress of this case and have necessitated the filing of this motion. Each of these negative effects qualifies as harm under Rule 37 sufficient to support striking an untimely expert report and excluding the

---

[12] "Here, defendant was harmed by Plaintiff's untimely disclosure because it was denied any opportunity to depose Plaintiff's expert prior to the close of discovery . . .". *Id.*

expert from presenting testimony. *See U.S. ex rel. TVA*, 782 Fed. App'x at 951; *Morrison v. Mann*, 244 F.R.D. 668, 673 n. 5 (N.D.Ga. 2007).

The clear harm caused by Plaintiff's actions is made worse by the utter lack of justification for Plaintiff's eleventh-hour tactics. The standard to measure justification under Local Rule 26.2 and substantial justification under Rule 37(c)(1) is contingent on "whether the party knew or should have known that an expert was necessary before the late stages of the discovery period." *Morrison v. Mann*, 244 F.R.D. 668 (N. D. Ga. 2007). If the necessity for an expert is readily apparent due to the need to address complex issues, failure to timely disclose an expert is not justified. *See APA Excelsior III, L.P. v. Windley*, 329 F. Supp. 1328, 1337-38 (N.D. Ga. 2004).[13] Notably, courts in this District have found failure to timely disclose an expert physician in a medical malpractice case is unjustified and warrants exclusion of the expert's testimony:

> In order to prevail in a medical malpractice action in Georgia, claimants must necessarily establish a failure to exercise the requisite degree of skill and care by a medical provider. Because many aspects of the medical profession are complex and nuanced, the testimony of

---

[13] In contrast, if the necessity for an expert cannot be appreciated prior to the late stages of discovery, an untimely disclosure is justified. *See Hines v. Dean*, U.S. Dist. LEXIS 44792 *3 (N.D. Ga. March 10, 2005) (where an untimely disclosed expert was not excluded where the need for expert testimony did not become apparent until the plaintiff filed claims for copyright infringement three-weeks before expiration of the discovery period). Simply put, the same circumstances do not apply to the present case.

> expert medical witnesses must be used to prove that a physician's actions violated the standard of due care. Plaintiffs should therefore have known . . . that expert medical witnesses were required to establish a necessary element of their malpractice cause of action and to rebut any potential defense witness.

*Morrison*, 244 F.R.D. at 674 (alterations in original).

Likewise, Plaintiff should have known that expert testimony is necessary to support her claims of medical malpractice for the alleged failure to diagnose and treat sepsis. In fact, Plaintiff has been aware of the need for expert medical testimony since the initiation of this action. Plaintiff's understanding of this need is apparent from the inclusion of an affidavit from a physician expressing standard of care criticisms with Plaintiff's Complaint, (Doc. 1), and is further evidenced in Plaintiff's Initial Disclosures (Doc. 41, Ex. B). As such, there is no justification for Plaintiff's filing her expert disclosures and Rule 26 reports with less than an hour to spare in the discovery period, especially as discovery in this case spanned twenty-two months. Further, this Court ruled on February 2, 2020, that discovery was to be completed by July 2, 2020. Defendants were able to timely disclose Defendants' experts within this period. (Docs. 99, 101, 102, 104). In contrast, Plaintiff conducted no discovery until eleven days prior to the anticipated close of discovery, when Plaintiff's counsel noticed seven depositions with a weeks' notice. (Ex. C). Plaintiff then begged this Court to extend discovery for an additional four

months due to complications posed by COVID-19; a request that this Court granted and extended discovery through November 2, 2020. Notably, Plaintiff cited the need to depose Plaintiff's treating physicians and Defendants' experts as a driving force necessitating the extension. (Doc. 105, ¶¶ 9, 12). Plaintiff then sat on the Court's final four-month discovery extension, made no attempt to depose the physicians listed in paragraph 9 of Plaintiff's Emergency Motion, made no request to depose Defendants' experts, and failed to disclose Plaintiff's own experts until the last hour of the discovery period.

Plaintiff's lack of justification is made worse by the fact that one of Plaintiff's Rule 26 Reports was prepared by Dr. Ciamillo, the physician whose Affidavit was filed with Plaintiff's Complaint on June 30, 2018. (Doc. 1). As Plaintiff likely retained Dr. Ciamillo prior to initiation of this action, and at least by June 30, 2018, Plaintiff cannot show any justification, let alone substantial justification, for waiting to file Dr. Ciamillo's Rule 26 Report until 11:07 p.m. on November 2, 2020.[14] Plaintiff's awareness of the need for expert support, coupled with Plaintiff's knowledge of Dr. Ciamillo's expert opinions since June of 2018, establish that no justification can be had for Plaintiff's delay in filing Dr. Ciamillo's Rule 26 Report. Nor is there justification for Plaintiff's untimely

---

[14] *See* Ex. E.

disclosure of Nurse Breem. The need for standard of care opinions by an expert in the field of nursing has been clear throughout this case; however, Plaintiff should have at least been aware of the need for expert nursing support by June 25, 2020, when FHM timely disclosed Denise Proto, R.N. as its expert to support the nursing care provided to Plaintiff. (Docs. 104, 104-1). Yet, Plaintiff waited until the last fifty-two minutes of discovery to identify Nurse Breem and her opinions. Plaintiff simply has no defense to excuse these last-minute disclosures.

There is no justification that Plaintiff can set forth to excuse the untimely disclosures of Dr. Ciamillo and Nurse Breem. Plaintiff's violations of Local Rule 26.2(C) are not only unjustified, the same are an egregious abuse of the rules governing expert discovery and expert disclosures. "Because the expert witness discovery rules are designed to allow both sides to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008). Plaintiff's actions in this regard should not be condoned and warrant the striking of Plaintiff's

Expert Disclosures and the Reports of Dr. Ciamillo and Nurse Breem, as well as the exclusion of any expert testimony by Dr. Ciamillo and Nurse Breem.[15]

## III. CONCLUSION

Plaintiff's Rule 26 Expert Disclosures were not only untimely, but procedurally deficient. There is no excuse for Plaintiff's actions in filing her Expert Disclosures and the Rule 26 Reports fifty-two minutes prior to the expiration of discovery, and Plaintiff's delay tactics have prejudiced Defendants' ability to defend this case. The circumstances presented warrant striking Plaintiff's Rule 26 Expert Disclosures, the Rule 26 Report Dr. Ciamillo, the Rule 26 Report of Nurse Breem, and excluding the experts Plaintiff identified from testifying in this matter. Accordingly, Defendants respectfully request this Court grant Defendants' Joint Motion.

**[SIGNATURES ON FOLLOWING PAGE]**

---

[15] The Court should also disallow the presentation of any standard of care, causation, or other expert opinions by the myriad of treating physicians listed in Plaintiff's disclosures.

16

Respectfully submitting this 11th day of November, 2020.

                               **THE MINOR FIRM**

                               **BY:** */s/ William F. Jourdain*
                               **WILLIAM F. JOURDAIN**
                               **GA BAR NO.: 405465**
                               **BRITTANY D. HEPNER**
                               **GA BAR NO.: 200989**
                               **Attorneys for Defendants Barnes, Stein, and Rogers**

**P.O. Box 2586**
**Dalton, Georgia 30722**
**706.259.2586**
**wjourdain@minorfirm.com**
**bhepner@minorfirm.com**

                               **McRAE, SMITH, PEEK,**
                               **HARMAN & MONROE, LLP**

                               **BY:** */s/ Jule W. Peek, Jr.*

**111 Bridgepoint Plaza, Suite 300**   **JULE W. PEEK, JR.**
**Rome, GA  30162-0029**   **GA BAR NO.: 002840**
**P. O. Box 29**   **JASON B. SANKER**
**Phone: (706) 291-6223**   **GA BAR NO.:  142463**
**jpeek@msp-lawfirm.com**   **BENJAMIN P. STELL**
**jsanker@msp-lawfirm.com**   **GA BAR NO.: 167934**
**bstell@msp-lawfirm.com**   **Attorneys for Floyd Defendants**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| JAMI LYNN GOLDEN | : | |
|---|---|---|
| | : | |
| PLAINTIFF, | : | |
| | : | CIVIL ACTION FILE |
| VS. | : | NO. **4:18-CV-157-MLB** |
| | : | |
| FLOYD HEALTHCARE MANAGEMENT, INC. d/b/a/ FLOYD MEDICAL CENTER, FLOYD EMERGENCY PHYSICIANS GROUP, LLC, GARRETT H. BARNES, M.D., CHARLES W. STEIN, N.P., DANNY R. ROGERS, P.A., and | : : : : : : : : | |
| DEFENDANTS. | : | |

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served a true and exact copy of the within and foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT MOTION TO STRIKE PLAINTIFF'S RULE 26 EXPERT DISCLOSURES AND EXPERT REPORTS OF LOUIS P. CIAMILLO, M.D., AND MICHELLE K. BREEM, RNP, AND EXCLUDE EXPERTS FROM TESTIFYING** by and through all counsel of record, by

placing same in the United States mail, postage prepaid and addressed to the following:

Bobby Lee Cook, Esq.
Christopher Sutton Connelly
Cook & Connelly, LLC
9899 Commerce Street
P.O. Box 370
Summerville, Ga 30747

William S. Stone, Esq.
The Stone Law Group – Trial Lawyers, LLC
P.O. Drawer 70
589 College Street
Blakely, GA 39823

Michael G. Regas, II, Esq.
Ryals D. Stone, Esq.
The Stone Law Group – Trial Lawyers, LLC
5229 Roswell Road, NE
Atlanta, GA 30342

Jule Peek, Esq.
McRae, Smith, Peek, Harman & Monroe, LLP
111 Bridgepoint Plaza Suite 300
Rome, GA 30161

 This 11th day of November, 2020.

                **THE MINOR FIRM**

                **BY:** */s/ William F. Jourdain*
                **WILLIAM F. JOURDAIN**
                **GA BAR NO.: 405465**

**P.O. Box 2586**
**Dalton, Georgia 30722**
**706.259.2586**
**wjourdain@minorfirm.com**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| JAMI LYNN GOLDEN : | |
| : | |
| PLAINTIFF, : | |
| : | CIVIL ACTION FILE |
| VS. : | NO. **4:18-CV-157-MLB** |
| : | |
| FLOYD HEALTHCARE : | |
| MANAGEMENT, : | |
| INC. d/b/a/ FLOYD MEDICAL : | |
| CENTER, FLOYD EMERGENCY : | |
| PHYSICIANS GROUP, LLC, : | |
| GARRETT H. BARNES, M.D., : | |
| CHARLES W. STEIN, N.P., : | |
| DANNY R.ROGERS, P.A., : | |
| : | |
| : | |
| DEFENDANTS. : | |

## CERTIFICATE OF COMPLIANCE

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman 14 point type, in compliance with local rule 5.1.

This 11th day of November, 2020.

                                          **THE MINOR FIRM**

                                          **BY:** */s/ William F. Jourdain*
                                          **WILLIAM F. JOURDAIN**
                                          **GA BAR NO.: 405465**

**P.O. Box 2586**
**Dalton, Georgia 30722**
**706.259.2586**
**wjourdain@minorfirm.com**