IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

Jami Lynn Golden,

                    Plaintiff,

                                        Case No. 4:18-cv-157-MLB

v.

Floyd Healthcare Management
Inc., et al.,

                    Defendants.

_____/

## OPINION & ORDER

Plaintiff Jami Golden sued Defendants for gross negligence and professional negligence. (Dkt. 1.)[1] Plaintiff filed a motion to dismiss voluntarily without prejudice. (Dkt. 130.) The Court grants that motion.

## I.   Background

On June 30, 2018, Plaintiff sued Defendants for gross negligence and professional negligence, alleging she sustained serious injuries as a result of Defendants' failure to diagnose and properly treat her purported

---

[1] Defendants include Floyd Healthcare Management, Inc. d/b/a Floyd Medical Center ("FHM"), Floyd Emergency Physicians, LLC, Garrett H. Barnes, M.D., Charles W. Stein, N.P., and Danny R. Rogers, P.A.

septic condition.  (Dkt. 1.)  The parties requested, and the Court granted, an eight-month discovery track to expire September 3, 2019.  (Dkts. 36; 37.)  The Court later extended discovery an additional six months at the parties' request.   (Dkts. 73; 74.) Litigation continued with Plaintiff submitting written discovery and Defendants' counsel deposing some of Plaintiff's medical providers.  (Dkts. 75; 76; 82; 85; 86.)  But the parties again moved to amend the scheduling order, requesting another six-month extension.  (Dkt. 94.) The Court extended by four months (through July 2, 2020) and stated "[n]o further extensions will be granted." (February 11, 2020 Docket Order.)

On March 17, 2020, Defendants asked Plaintiff for dates in late May or early June to depose Plaintiff's expert witnesses.  (Dkt. 116-2 at 4.)  Plaintiff did not set those dates.  On June 16, 18, and 25, 2020, Defendants filed expert disclosures and reports.  (Dkts. 99; 99-1; 101; 101-1; 104; 104-1.)  On June 17, 2020, Plaintiff's counsel responded to defense counsel's March 17, 2020 email, stating she planned to move for a sixty-day extension of the discovery period.  (Dkt. 116-3.)  On June 22, 2020, Plaintiff filed notices for depositions of Defendants Barnes, Stein, Rogers, and four other witnesses.   (Dkt. 116-4.)   She noticed those

depositions for June 29 and June 30, 2020. (*Id.*) The parties coordinated for them to occur between June 29, 2020 and July 1, 2020. (Dkt. 116-5.)

On June 30, 2020, Plaintiff filed an emergency unopposed motion to extend discovery. (Dkt. 105.) She asked for a four-month extension. (*Id.*) On July 2, 2020, the Court—having previously told the parties it would grant no further extensions—granted the motion and ordered discovery be completed by November 2, 2020. On November 2, 2020 at 10:47 p.m., Plaintiff filed her Rule 26 expert disclosures, identifying Dr. Louis Ciamillo and Michelle Breen and naming forty of Plaintiff's treating physicians as providers who may give expert testimony. (Dkt. 114.) The experts did not sign their reports. (*Id.*) At 11:07 p.m. the same night, Plaintiff re-filed her expert disclosures with signed reports. (Dkt. 115.)

Defendants moved to strike the expert disclosures and to prevent Dr. Ciamillo, Ms. Breen, and the treating physicians from offering expert testimony and opinions. (Dkt. 116.) On June 25, 2021, the Court granted that motion. (Dkt. 129.) On June 27, 2021, Plaintiff moved for voluntary dismissal without prejudice. (Dkt. 130.) On June 28, 2021, Defendants moved for summary judgment. (Dkt. 131.)

## II.   Standard of Review

Because Defendants have already filed an answer, Plaintiff's only avenue to obtain voluntary dismissal is by court order.  *See* Fed. R. Civ. P. 41(a)(1) ad (a)(2).  Dismissals are without prejudice, unless otherwise noted by the court.  *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001).  "The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Id.* (citing *McCants v. Ford Motor Co.*, 781 F.2d 855, 857 (11th Cir. 1986)). "[I]n most cases, a [voluntary] dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result."  *McCants*, 781 F.2d at 856– 57 (emphasis in original).

> The crucial question to be determined is, would the defendant lose any substantial right by the dismissal. In exercising its broad equitable discretion under Rule 41(a)(2), the district court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.

*Pontenberg*, 252 F.3d at 1255–56 (internal citations and quotations omitted).  "[I]t is no bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation." *McCants*, 781 F.2d at 857.  "The range of circumstances that the Eleventh

Circuit Court of Appeals has found to constitute sufficient legal prejudice to defendants is narrow." *Lund v. Segway, Inc.*, No. 1:07-CV-1127, 2007 WL 9706835, at *1 (N.D. Ga. Nov. 8, 2007) (comparing *Pontenberg*, 252 F.3d at 1256 ("Neither the fact that the litigation has proceeded to the summary judgment stage nor the fact that plaintiff's attorney has been negligent in prosecuting the case, alone or together, conclusively or per se establishes plain legal prejudice requiring the denial of a motion to dismiss [under 41(a)(2)]."), with *Fisher v. Puerto Rico Marine Mgmt., Inc.*, 940 F.2d 1502, 1503 (11th Cir. 1991) (upholding denial of voluntary dismissal where the trial court found that "dismissal would result in plain prejudice . . . in several ways beyond the mere prospect of a second suit" including "hav[ing] a prejudicial impact upon the availability and recollection of witnesses")).

## III.  Discussion

Plaintiff seeks an order allowing voluntary dismissal without prejudice to cure any issues with her experts.  (Dkt. 130-1 at 3.) Defendants argue "the actions of Plaintiff in failing and refusing to provide expert disclosures until the last minute, despite Defendants' express requests, was plainly harmful and prejudicial to Defendants by

preventing adequate preparation of Defendants' respective defenses[,] . . . precluding Defendants from being ready for trial," and "depriving Defendants of the right to conduct any expert discovery." (Dkt. 133 at 6–7.)  Defendants also contend they expended significant time and resources to conduct discovery, engage with and pay multiple experts, and file a motion to strike and a motion for summary judgment. (*Id.* at 7–8.)

"[T]he Eleventh Circuit does not rely on a list of factors to examine when considering a Rule 41 motion." *Bradley v. MARTA*, No. 1:13-CV-2082, 2014 WL 4449874, at *1 (N.D. Ga. Sept. 9, 2014).  "What suffices to require a court to exercise its discretion to deny the motion, or to dismiss with prejudice, has been variously described as harm manifestly prejudicial to the defendant, substantial legal prejudice to defendant, and the loss of any substantial right." *Spencer v. Moore Bus. Forms, Inc.*, 87 F.R.D. 118, 119–20 (N.D. Ga. 1980) (internal citations and quotations omitted).  "The presence or absence of bad faith is often cited as an important consideration in determining the propriety of denying a motion for voluntary dismissal without prejudice." *WAV Series, LLC v. Prestige Helicopters, Inc.*, No. 1:19-CV-3948, 2021 WL 1377992, at *6

(N.D. Ga. Apr. 12, 2021) (citing *Potenberg*, 252 F.3d at 1259 ("delay alone, in the absence of bad faith, is insufficient to justify a dismissal with prejudice"); *McCants*, 781 F.2d at 859 (noting the attention to the lack of bad faith in *Durham v. Florida E. Coast Ry. Co.*, 385 F.2d 366 (5th Cir. 1967), and finding no bad faith that would support reversing the district court's dismissal of the case without prejudice); *Jones v. Smartvideo Techs., Inc.*, No. 1:06-cv-2760, 2007 WL 1655855, at *2–3 (N.D. Ga. June 4, 2007) (emphasizing bad faith caveat explained in *Pontenberg* and finding no bad faith that would warrant denying motion); *Brooks v. State Bd. of Elections*, 173 F.R.D. 547, 550 (N.D. Ga. 1997) ("no dilatoriness or sanctionable conduct is alleged")).

Defendants argue the Court should consider that a dismissal might have a prejudicial effect on the availability and recollection of witnesses, especially because Plaintiff has expressed an intention to call over forty treating physicians to testify.  (Dkt. 133 at 9 (citing *Fisher*, 940 F.2d 1502).)  In *Fisher*, the Eleventh Circuit affirmed the denial of plaintiff's motions for voluntary dismissal and to amend her complaint.  940 F.2d at 1503.  The Eleventh Circuit held the district court did not abuse its discretion, noting that the motions were not filed until "well over a month

after the latest date on which she might have discovered the information that supported these motions after the pre-trial order was issued, and after appellee's trial brief was filed." *Id.* "The Eleventh Circuit further noted the district court's findings concerning the time and expense spent on discovery and trial preparation, that additional and duplicative discovery would be necessary if plaintiffs were allowed to pursue her additional claims, and that 'dismissal might have a prejudicial impact upon the availability and recollection of witnesses.'" *Allied Veterans of the World, Inc.: Affiliate 67 v. Seminole Cnty.*, No. 6:11-cv-155, 2012 WL 13102410, at *7 (M.D. Fla. Aug. 28, 2012) (quoting *Fisher*, 940 F.2d at 1503). The Court finds *Fisher* distinguishable. In *Fisher*, the pretrial order was issued and appellee's trial brief was filed. 940 F.2d at 1503. Defendants just filed their motion for summary judgment, after Plaintiff filed this motion to voluntarily dismiss.

> While Defendants' concerns are legitimate, Defendants make only generalized claims about these risks. Without specific support for their assertions that evidence or witnesses will no longer be available or useful in a subsequent case brought by Plaintiff, Defendants fail to demonstrate that they would suffer clear legal prejudice if Plaintiff's motion was granted.

*Thomas v. Mitsubishi Motors N. Am., Inc.*, No. 1:06-CV-2679, 2008 WL 11334966, at *2 (N.D. Ga. Dec. 11, 2008).

8

Heavily relying on *Mosley v. JLG Industries, Inc.*, 189 F. App'x 874, 876 (11th Cir. 2006), Defendants also contend the Court should deny Plaintiff's motion because of the time and significant delay. (Dkt. 133 at 8–12.)   In *Mosley*, the plaintiff appealed the denial of his voluntary motion to dismiss.  189 F. App'x at 875.  The Eleventh Circuit found:

> In denying Plaintiff's Rule 41(a)(2) motion, the district court noted the time that had passed since the case was filed, the many motions filed, and the discovery produced. These factors supported the [Defendants'] claims that, in this case, considerable time had been expended and expenses incurred. The district court also noted the many extensions granted to Plaintiff for naught. The district court concluded that Plaintiff's motion to dismiss—filed while [Defendants'] summary judgment motions were pending—was "solely motivated to avoid an expected adverse ruling on Defendants' summary judgment motions." Based on these considerations and the late stage of the litigation, the district court found that Defendants would be prejudiced by a dismissal without prejudice.

*Id.* at 876.  On the record, the Eleventh Circuit held it could not say "the district court's decision constituted an abuse of discretion."    *Id.* Defendants contend this case is stronger than *Mosley* because "Plaintiff failed to do the bare minimum of what was required for expert disclosure during the twenty-two months of discovery." (Dkt. 133 at 10.)  But "delay alone, in the absence of bad faith, is insufficient to justify a dismissal with prejudice."  *Pontenberg*, 252 F.3d at 1259.  And a plaintiff's "mere

attempt to avoid an adverse summary judgment ruling in and of itself, particularly where there is no evidence of bad faith," also does not constitute plain legal prejudice. *Id.* at 1258.

Defendants argue "Plaintiff has vexatiously and recklessly delayed litigation throughout the extended discovery period and should not get a 'do-over' to fix the patently avoidable situation she created." (Dkt. 133 at 10 & n.13 (citing *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998)).) Plaintiff, and her counsel, contend they "have not acted in bad faith, but the delay has resulted from a healthy respect for and legitimate concern . . . of COVID-19." (Dkt. 135 at 5.)  Given the unprecedented havoc the pandemic has had on nearly all aspects of life in our society, this fact alone may distinguish this case from all those cited by the parties.  While Plaintiff's conduct harmed Defendants because it delayed case progress and hindered their ability to prepare their case for trial, there is no evidence Plaintiff or her counsel's acts or omissions constituted dilatory conduct, malicious motive, nefarious intent, or bad faith.  In *Pontenberg*, "[i]n support of bad faith, [the defendant] emphasize[d] that [the plaintiff] failed to conduct any timely discovery, failed to disclose properly expert witnesses, and sought voluntary dismissal only after [the defendant] had

moved for summary judgment and she had failed to respond to the summary judgment motion." 252 F.3d at 1257. The Eleventh Circuit held that the record supported the district court's finding that the plaintiff's counsel had not acted in bad faith in failing to make adequate disclosure. *Id.* at 1257–58. Defendants try to distinguish *Pontenberg* by arguing in that case there had been no discovery extensions, a month of discovery remained, and the voluntary dismissal was not solely motivated to avoid summary judgment. (Dkt. 133 at 12–14.) But, as discussed above, neither delay nor avoidance of an adverse summary judgment decision are sufficient to justify dismissal with prejudice. Eleventh Circuit precedent also refuses to "visit the sins of the lawyer upon his client." *Durham*, 385 F.2d at 367. Plaintiff's counsel's negligence is "insufficient to justify dismissal of the complaint with prejudice." *Id.* at 368. Defendants fail to demonstrate they would suffer clear legal prejudice if Plaintiff's motion were granted.[2] *See Romika-*

---

[2] The Court acknowledges that "in cases with similar facts [the Eleventh Circuit has] affirmed district court orders denying motions for voluntary dismissal without prejudice." *Emergency Recovery, Inc. v. Hufnagle*, No. 20-11743, 2021 WL 2748130, at *4 (11th Cir. July 1, 2021) (citing *Fisher*, 940 F.2d 1502); *accord McBride v. JLG Indus., Inc.*, 189 F. App'x 876, 878 (11th Cir. 2006) (finding it was not an abuse of discretion to deny

*USA, Inc. v. HSBC Bank USA, N.A.*, 514 F. Supp. 2d 1334, 1342 (S.D. Fla. 2007) (granting voluntary motion to dismiss without prejudice five weeks before trial, with discovery closed, and the defendant's summary judgment motion pending).

Defendants contend if the Court grants Plaintiff's motion, fees and costs should be assessed against Plaintiff in favor of Defendants. (Dkt. 133 at 14–15.) Plaintiff seems to agree. (Dkt. 130-1 at 19 (noting any award of attorneys' fees and costs should be limited to work done on Defendants' motions to strike and to amend the scheduling order).) As does the Court.

---

voluntary dismissal because of the time that had passed, the many motions filed, and the discovery produced); *Mosley*, 189 F. App'x 874; *Stephens v. Ga. Dep't of Transp.*, 134 F. App'x 320, 323 (11th Cir. 2005) (finding it was not an abuse of discretion to deny the plaintiff's voluntary dismissal since during the two-year period between the filing of the complaint and motion to voluntarily dismiss, numerous motions had been filed, extensive discovery had been produced, and motions for summary judgment were pending).

> But the fact that [the Eleventh Circuit has] affirmed district court orders denying motions for voluntary dismissal without prejudice in similar situations does not mean that a district court abuses its discretion when it grants such a motion. After all, the abuse of discretion standard contemplates that a district judge has a "zone of choice within which" she "may go either way in granting or denying the motion."

*Emergency Recovery*, 2021 WL 2748130, at *4 (quoting *Pontenberg*, 252 F.3d at 1259 n.5).

Plaintiff contends any practical prejudice, such as the financial burden incurred for "wasted work," can be cured by terms and conditions included in the order of dismissal.  (Dkt. 130-1 at 16.)  "A plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation."  *McCants*, 781 F.2d at 860; *Pontenberg*, 252 F.3d at 1260 ("Where the practical prejudice of expenses incurred in defending the action can be alleviated by the imposition of costs or other conditions, the district court does not abuse its broad equitable discretion by dismissing the action without prejudice.").  "Where a subsequent similar suit between the parties is contemplated, expenses awarded might be limited to those incurred in discovering information and researching and pressing legal arguments that will not be useful in the later suit." *McCants*, 781 F.2d at 860.  "The purpose of awarding costs under Rule 41(a)(2) is twofold: [1] to fully compensate the defendant for reasonable expenses incurred before dismissal and [2] to deter vexatious litigation." *Bishop v. W. Am. Ins. Co.*, 95 F.R.D. 494, 495 (N.D. Ga. 1982).

In the Court's Rule 26 order, the Court found Plaintiff's conduct forced Defendants to spend time and money filing their motion to strike and motion to amend the scheduling order. (Dkt. 129 at 11.) Defendants argue it is equitable to reimburse them for any costs associated not only with their response to Plaintiff's motion to amend and their motion to strike, but also Defendants' motion for summary judgment and Defendants' response to Plaintiff's motion for voluntarily dismissal. (Dkt. 133 at 15.) Defendants also request to present evidence in a subsequent filing. (*Id.*) The Court finds it appropriate to condition the dismissal given the time that has passed, the many motions filed, and the discovery produced. But, at this time, the Court cannot determine the exact amount of costs and fees. Plaintiff contends only work done on Defendants' motion to strike and motion to amend the scheduling order will be wasted. (Dkt. 130-1 at 19.) Defendants, on the other hand, contend work on Defendants' response to Plaintiff's motion to amend, Defendants' motion to strike, Defendants' motion for summary judgment, and Plaintiff's motion for voluntarily dismissal will be wasted. That seems logical. (Dkt. 133 at 15.) Defendants shall file, within 10 days of

this order, a brief declaring what work they believe is wasted and an itemized bill of costs for that work.  Plaintiff will have 10 days to respond.

Plaintiff also requests the Court "make clear all discovery that has been completed in the present action . . . be incorporated into any future action on the same claims and facts." (Dkt. 130-1 at 19.)  Defendants do not respond to this argument.  The Court thus orders all discovery from this case be incorporated into any subsequent action on the same claims and facts to preserve the usefulness of that discovery and allow for an expedited discovery and motion schedule in any later action.  *See Fiveash v. Allstate Ins. Co.*, No. 3:10-cv-72, 2012 WL 13023996, at *1 (N.D. Ga. Sept. 11, 2012); *Daniels v. Howe Law Firm, P.C.*, No. 1:15-cv-827, 2017 WL 11026778, at *3 (N.D. Ga. May 2, 2017); *Paul v. Georgia S.*, No. 5:09-CV-296, 2010 WL 4639239, at *2 (M.D. Ga. Nov. 4, 2010).

## IV.  Conclusion

The Court **GRANTS** Plaintiff's Motion for Voluntary Dismissal (Dkt. 130).  The Court **DISMISSES** Plaintiff's Complaint **WITHOUT PREJUDICE** on the following conditions: (1) Defendants shall file a brief and bill of costs on "wasted" work within 10 days of the entry of this order, and Plaintiff shall file a response within 10 days of Defendants'

filing, and (2) the discovery in this case will be incorporated into any subsequent action.

The Court **DENIES AS MOOT** Plaintiff's Motion to Amend Complaint (Dkt. 117) and Defendants' Motion for Summary Judgment (Dkt. 131).

**SO ORDERED** this 30th day of August, 2021.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE