## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

Jami Lynn Golden,

                  Plaintiff,

v.                              Case No. 4:18-cv-157-MLB

Floyd Healthcare Management
Inc., et al.,

                  Defendants.

_____/

## __OPINION & ORDER__

Plaintiff Jami Golden sued Defendants[1] for gross negligence and professional negligence. (Dkt. 1.)  Plaintiff moved to dismiss voluntarily without prejudice. (Dkt. 130.)  The Court granted that motion and found it appropriate to condition the dismissal on payment for "wasted work." (Dkt. 139 at 13–16.)  At the time, the Court could not determine the exact amount of costs and fees, so it allowed Defendants to file a brief declaring

---

[1] Defendants include Floyd Healthcare Management, Inc. d/b/a Floyd Medical Center ("FHM"), Floyd Emergency Physicians, LLC ("FEP"), Garrett H. Barnes, M.D. ("Dr. Barnes"), Charles W. Stein, N.P. ("N.P. Stein"), and Danny R. Rogers, P.A. ("P.A. Rogers").

what work they believed was wasted and an itemized bill of costs for the work. (*Id.* at 14–15.)  The Court noted it thought it was "logical" for Defendants' work on their response to Plaintiff's motion to amend, their motion to strike, their motion for summary judgment, and their response to Plaintiff's motion for voluntarily dismissal to be considered wasted. (*Id.* at 14.)  On September 9, 2021, Defendants FHM and FEP filed a brief in support of bill of costs and an itemization of costs.[2]  (Dkts. 140; 140-2.)

"A plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation." *McCants v. Ford Motor Co.*, 781 F.2d 855, 860 (11th Cir. 1986).  "The purpose of awarding costs under Rule 41(a)(2) is twofold: [1] to fully compensate the defendant for reasonable expenses incurred before dismissal and [2] to deter vexatious litigation." *Bishop v. W. Am. Ins. Co.*, 95 F.R.D. 494, 495 (N.D. Ga. 1982).  The Court already found it appropriate to condition Plaintiff's dismissal on payment of wasted work,

---

[2] For the rest of the Order, "Defendants" will refer to Defendants FHM and FEP unless explicitly stated otherwise.

but the Court now must determine what expenses were "incurred in discovering information and researching and pressing legal arguments that will not be useful on [a] later suit." *McCants*, 781 F.2d at 860.

Defendants request attorneys' fees and costs incurred for wasted work (response to motion to amend; motion to strike; motion for summary judgment; and response to motion for voluntary dismissal) in the amount of $24,769.00. (Dkt. 140 at 3.) Plaintiff concedes work done on the motion to strike, motion to amend scheduling order, and response to Plaintiff's motion to dismiss is wasted but argues some of the work done on the motion for summary judgment and all of the work done on the response to Plaintiff's motion to amend is not wasted work. (Dkt. 142 at 2, 8, 11.) As to the response to Plaintiff's motion to amend, Plaintiff contends except for the EMTALA claim which will not be asserted in a subsequent renewal of this action, the same claims in the amended complaint will be asserted in a renewal action. (*Id.* at 9.) The response to Plaintiff's motion to amend, however, focuses on undue delay, bad faith, futility for failure to file an expert report, and undue prejudice. (Dkt. 119.) All issues that likely will not arise in a renewal action. The Court thus grants Defendants' request as to its response to Plaintiff's motion to amend. As

to the motion for summary judgment, Plaintiff contends some of the work was specific to this action, but objects to any award of costs for work claimed to be done on the EMTALA claim, which will not be asserted in a renewed action.  (Dkt. 142 at 10.)  But "wasted work" is work that "will not be useful in [a] later suit." *McCants*, 781 F.2d at 860.  The Court thus grants Defendants' request as to their motion for summary judgment.

Plaintiff also contends some of the work for which fees are claimed is redundant because it duplicated work of others—specifically, counsel for the other Defendants "took the lead on all the motions forming the basis of [Defendants'] claim, and most everything else that was done in this case."  (Dkt. 142 at 6.)  It is common practice to have "multiple attorneys performing discrete tasks with respect to researching, drafting, and filing various pleadings and motions with the Court." *Thomas v. Mitsubishi Motors N. Am.*, No. 1:06-CV-2679, 2009 WL 10670123, at *1 (N.D. Ga. Feb. 13, 2009).  Spreading the work out among multiple attorneys "likely result[s] in a more efficient work process and lower total fees." *Id.*  All attorneys performing work may be compensated if "they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Norman v. Housing Auth.*,

836 F.2d 1292, 1302 (11th Cir. 1988).  There is no indication the attorneys were unreasonably doing the same work and the Court rejects any such argument from Plaintiff.  Just because Brittany Dant, one of the other Defendants' counsel, is listed as the "author" on most of the filings, does not mean Defendants' attorneys did not work on those same filings and cannot be compensated for that work.  Defendants' timesheets explain exactly what each attorney did for each filing and the Court finds the time expended reasonable.  (*See generally* Dkt. 140-2.)

The Court **GRANTS** Defendants' Motion for Attorney Fees.  (Dkt. 140.)  The Court **DENIES AS MOOT** Plaintiff's Motion for Leave to Deposit Funds.  (Dkt. 143.)  Plaintiff is **ORDERED** to pay Defendants FHM and FEP $24,769.00 in attorneys' fees and expenses.

**SO ORDERED** this 29th day of March, 2022.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE